

FILED
CLERK, U.S. DISTRICT COURT
OCT 28 2016
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS FELIPE SANTOS-ALEJANDRO,<br>Defendant. | Case No. CR16-2155M<br>ORDER OF DETENTION |

I.

Defendant was arrested in this district pursuant to a warrant issued by the United States District Court for the Southern District of Texas, based on an indictment issued in case No. 16-1263 charging Defendant with conspiracy to possess with intent to distribute cocaine, heroin, and methamphetamine, and money laundering offenses.

The Court conducted a detention hearing on October 28, 2016:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Lack of significant and long term ties to the Central District of California
- ☒ Family ties to Mexico – according to Defendant, his mother who is financially supporting him, lives in Mexico
- ☒ Lack of significant bail resources. The Court rejects Defendant's roommate as a viable surety and finds that the posting of a justified affidavit of surety with posting of property in the amount of $15,000 does not sufficiently address risk of flight.

As to danger to the community:

☒ Allegations in present charging document which include offense conduct alleged to have occurred in 2014 and 2015.

- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ Defendant is serving a two year custodial sentence in state court.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 28, 2016

/s/

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE